FILED

2005 MAR 18 A 11: 22

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT COURT
BRIDGEPORT. CONN

| | |
|---|---|
| CAROL A. FOX | : CASE NO. 3:02-CV-01540 (WWE) |
| V. | : |
| TOWN OF EAST HAVEN, JOSEPH MATURO, JR., LOUIS PANE, FRANK GENTILESCO, and LOUIS CRISCUOLO | : MARCH 17, 2005 |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO COMPLETE THE PLAINTIFF'S DEPOSITION, OR IN THE ALTERNATIVE, MOTION TO COMPEL THE PLAINTIFF'S ATTENDANCE AT HER CONTINUED DEPOSITION

The Defendants hereby file this memorandum of law in support of their Motion for Leave to Complete the Plaintiff's Deposition, or in the alternative, Motion to Compel the Plaintiff's Attendance at her Continued Deposition dated March 17, 2005.

**I:** **Factual Background**

The Plaintiff, Carol Fox, brought this action against the Town of East Haven, Joseph Maturo, Jr., Louis Pane, Frank Gentilesco and Louis Criscuolo (hereinafter "the Defendants") claiming that they violated her First Amendment and Fourteenth Amendment rights. On May 28, 2004, the Defendants began deposing the Plaintiff in relation to this lawsuit (hereinafter "First Deposition"). Said deposition began at 11:00

1

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\FOX\MOTION TO COMPEL ATTENDANCE MEMO OF LAW 3-16-05.DOC

a.m. and concluded at 4:45 p.m. There was a break for lunch and six off the record discussions/breaks. See First Deposition, attached hereto as Exhibit A, pp. 26, 80, 121, 123, 152, 160, and 164. The transcript does not identify the length of these breaks. At the conclusion of this deposition, the defendants indicated that the deposition was not complete, would be kept open and would be continued at a future date. See First Deposition, pg. 187.

On December 13, 2004, the Defendants continued to take the Plaintiff's deposition (hereinafter "Second Deposition"). This deposition began at 11:30 a.m. and concluded at 2:44 p.m. with one break for lunch and one break for an off-the-record discussion. See Second Deposition, attached hereto as Exhibit B, pp. 23 and 51. Again, the transcript does not identify the length of these breaks. Plaintiff's counsel, Kim Waisonovitz, and defense counsel, Nancy Fitzpatrick, spoke regarding counsel's inability to complete the deposition on said date and the need for another available date to complete the deposition. See Defendants' Motion for Enlargement dated Feb. 2, 2005. Attorney Waisonovitz agreed to make her client available for a future date. However, she also represented that no one would be available prior to the expiration of the discovery deadline and that a three-month window of availability was needed in light

2

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\FOX\MOTION TO COMPEL ATTENDANCE MEMO OF LAW 3-16-05.DOC

of attorney transitions in her office. Id. Accordingly, she requested that defense counsel seek another enlargement of the scheduling deadlines, which defense counsel sought and was generously granted by this Court.

In addition, at the time defense counsel prepared the motion for enlargement, counsel contacted plaintiff's counsel, John Williams, and reiterated her discussion with Attorney Waisonovitz to confirm that the Plaintiff did not object to the Defendants obtaining additional time to complete her deposition and to file a dispositive motion. Attorney Williams represented that he had no objection to either request. See Defendants' Motion for Enlargement dated Feb. 2, 2005.

Once counsel received this Court's ruling on the motion for enlargement, the Defendants noticed the Plaintiff's deposition for March 10, 2004 at 10:00 a.m. See Re-Notice of Continued Deposition dated Feb. 17, 2005, attached hereto as Exhibit C. Attorney Williams then changed his position and objected to the completion of the Plaintiff's deposition citing Rule 30(d)(2) as a basis for refusing to produce his client without a court order. See Letter dated Feb. 20, 2005 from John R. Williams to Hugh F. Keefe; Letter dated Feb. 23, 2005 from Nancy A. Fitzpatrick to John R. Williams; Letter dated Feb. 26, 2005 from John R. Williams to Nancy A. Fitzpatrick; Letter dated March

3

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\FOX\MOTION TO COMPEL ATTENDANCE MEMO OF LAW 3-16-05.DOC

1, 2005 from Nancy A. Fitzpatrick to John R. Williams; and Letter dated March 5, 2005 from John R. Williams to Nancy A. Fitzpatrick attached hereto as Exhibit D. Here, the Defendants seek such an order.

Equally important, the plaintiff has identified 28 witnesses in her discovery responses regarding numerous incidents she claims form the basis of her complaint. She has produced volumes of documents in response to discovery requests and has made two large boxes of documents available for inspection, which defense counsel reviewed in early December, 2004. The voluminous documents and the witnesses' involvement to her claim have necessarily caused the defense to have more questions than if this was a case with less-intensive discovery production. Moreover, the plaintiff's apparent difficulty in answering defense counsel's questions audibly and providing answers to the actual questions asked, as well as her tendency to respond inconsistently has caused delays in the two deposition sessions that have taken place to date.

**II:**     **Legal Argument**

Rule 30(d)(2) of the Federal Rules of Civil Procedure provides that "[u]nless otherwise authorized by the court or stipulated by the parties, a deposition is limited to

4

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\East Haven\Fox\Motion to Compel Attendance Memo of Law 3-16-05.doc

one day of seven hours. The court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination." In this regard, the Advisory Committee notes state that this "limitation contemplates that there will be reasonable breaks during the day for lunch and other reasons, and that the *only time to be counted is the time occupied by the actual deposition*." (Emphasis added.) See also Condit v. Dunne, 225 F.R.D. 100, 112 (S.D.N.Y. 2004) (preoccupation with timing of deposition should be avoided). The Advisory Committee further provides that when ruling on whether to extend the time for a deposition, the court may consider a variety of factors, including whether the examination will cover events occurring over a long period of time and whether the witness will be questioned about numerous or lengthy documents.

In the present case, the plaintiff should be ordered to appear for the completion of her deposition for several reasons. First, it is not clear that the defendants have exhausted the seven hour limitation to date. The first deposition began at 11:00 a.m. and concluded at 4:45 p.m. but was interrupted by seven breaks, one of which included a lunch hour. The second deposition began at 11:30 a.m. and concluded at 2:44 p.m. but

5

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\FOX\MOTION TO COMPEL ATTENDANCE MEMO OF LAW 3-16-05.DOC

was interrupted by two breaks, again one which included time for lunch. Thus, it is likely that the seven hours has not been exhausted. Notwithstanding, assuming that the limitation has been exhausted, good cause exists to grant the Defendants additional time to depose the Plaintiff.

Second, the delay in completing the deposition during the past two meetings has been partially caused by the Plaintiff's own difficulty with answering counsel's questions audibly, providing answers to the actual questions asked, and being consistent with her responses. As Rule 30(d)(2) makes clear, additional time should be granted where the deponent delays the examination. Although the Plaintiff's difficulty does not appear to be intentional, it nonetheless caused delays in completing her deposition and the Defendants should not be deprived of the opportunity for a full and fair examination because of this. See New Colt Holding Corp. v. RJG Holdings of Florida, Inc., 2003 WL 22326978, *1 (D.Conn. March 27, 2003) (Dorsey, J.) (additional time for deposition granted where the deponent's hesitant responses to inquiries precluded a rapid exchange of questions and answers and where multiple parties involved in the case).

6

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\FOX\MOTION TO COMPEL ATTENDANCE MEMO OF LAW 3-16-05.DOC

Third, the Plaintiff has identified numerous incidents throughout her complaint and during her deposition that she believes constitute the basis of her claim against the Defendants, including events since 1997. Moreover, she has produced a large volume of documents, including two large boxes of documents which defense counsel reviewed at Plaintiff's counsel's office in December, 2004. Accordingly, this has necessitated defense counsel asking more questions in order to fully explore all the claims against the Defendants. Therefore, good cause exists to grant the Defendants additional time to depose the Plaintiff.

Lastly, Plaintiff's counsel agreed with defense counsel on <u>two</u> prior occasions to proceed with the Plaintiff's deposition. Attorney Waisonovitz and Attorney Williams both stated that they had *no objection* to continuing the Plaintiff's deposition at a future date. Only now when the Court has granted its final extension of time and the Defendants have not completed their examination, which necessarily impacts on their preparation of a dispositive motion, does the Plaintiff for the first time raise an objection to the continued deposition. Such should not be permitted by this Court and the Defendants respectfully request an additional five (5) hours to complete the Plaintiff's deposition prior to the expiration of the discovery deadline (4/2/05).

7

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\East Haven\Fox\Motion to Compel Attendance Memo of Law 3-16-05.doc

THE DEFENDANTS

BY: /s/ Hugh F. Keefe

HUGH F. KEEFE, ESQ.
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506
(203) 787-0275
Federal Bar No. ct05106

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on March 17, 2005 to all counsel and pro se parties of record as follows:

John R. Williams, Esq.
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

/s/ Hugh F. Keefe

Hugh F. Keefe

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\East Haven\Fox\Motion to Compel Attendance Memo of Law 3-16-05.doc