UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CAROL A. FOX | : | CASE NO. 3:02-CV-01540 (WWE) |
| | : | |
| V. | : | |
| | : | |
| TOWN OF EAST HAVEN, JOSEPH | : | |
| MATURO, JR., LOUIS PANE, FRANK | : | |
| GENTILESCO, and LOUIS CRISCUOLO | : | MAY 4, 2005 |

### MEMEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The Defendants hereby file this memorandum of law in support of their Motion for Summary Judgment dated May 4, 2005.

**I:   FACTS**

The Plaintiff, Carol Fox, commenced the present action by Complaint dated August 28, 2002.  Therein, the Plaintiff sued the Town of East Haven, Louis Pane, Mayor Joseph Maturo, Jr., Frank Gentilesco and Louis Criscuolo, alleging that the Defendants violated her First and Fourteenth Amendment rights.[1]  Compl. ¶¶ 11, 15.

---

[1] At the relevant times, Joseph Maturo, Jr. was the mayor of East Haven; Louis Pane was East Haven's Director of the Recreation Department; Frank Gentilesco was the Assistant

1

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\DPANELA\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK161\MOTION FOR SUMMARY JUDGMENT MEMO OF LAW 5-4-051.DOC

Specifically, the Plaintiff claims that as an employee of the Town of East Haven, the defendants retaliated against her for exercising her First Amendment rights and subjected her to disparate treatment in violation of the Equal Protection Clause. Id.

### A. Retaliation for Joining Labor Union to Challenge Termination and Town's Refusal to Pay Unemployment Compensation.

On August 15, 1997, the plaintiff was terminated from her employment as the Administrative Assistant in the Department of Recreation on the grounds of theft, forgery and dishonesty. Compl. ¶7. Such termination occurred following her arrest for second degree larceny (defrauding a public community) related to funds missing at the Recreation Department. See Transcript of Carol Fox Deposition dated May 28, 2004 ("Fox I Depo."), attached hereto as Exhibit A, p. 48; Information against Carol Fox, attached hereto as Exhibit B; and, Detective Bruce Scobie's Affidavit in support of Arrest Warrant Application, attached hereto as Exhibit C. Thereafter, the plaintiff claims that she "immediately exercised her First Amendment right of freedom of association by joining with her labor union" to challenge her termination and that the defendants retaliated against her for doing such. Compl. ¶8, 11.

---

Director of Administration and Management for East Haven; and, Louis Criscuolo was

2

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\DPANELA\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK161\MOTION FOR SUMMARY JUDGMENT MEMO OF LAW 5-4-051.DOC

The plaintiff was successful in her termination challenge and was ordered to be reinstated. Compl. ¶8. However, the plaintiff claims that during the time of unemployment between the termination and reinstatement, the Town of East Haven refused to pay unemployment compensation benefits. Compl. ¶10. The plaintiff claims she challenged such refusal, which resulted in the Employment Security Appeals Division ordering East Haven to pay such benefits. Compl. ¶10. The plaintiff claims that the defendants violated the First Amendment by retaliating against her for challenging the denial of unemployment compensation benefits. Compl. ¶11.

However, her deposition testimony supports neither theory of liability. First, the Plaintiff testified that she has **never** been punished by **any** of the defendants for joining her labor union. See Transcript of Carol Fox Deposition dated April 19, 2005 ("Fox III Depo."), attached hereto as Exhibit D, p. 8. She also testified that the defendants did nothing to prevent her from challenging the above actions and did nothing to prevent her from obtaining representation by her union. See Transcript of Carol Fox Deposition dated December 13, 2004 ("Fox II Depo."), attached hereto as Exhibit E, p. 82-83. The plaintiff further admitted that the individual defendants (Louis Pane, Frank Gentilesco,

---

the Accounting Supervisor for East Haven.

3

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\DPANELA\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK161\MOTION FOR SUMMARY JUDGMENT MEMO OF LAW 5-4-051.DOC

Joseph Maturo, Jr. and Louis Criscuolo) did not punish her for challenging East Haven's refusal to provide her with unemployment compensation. (Fox III Depo., Exhibit D, pp. 8-9).

### B. Plaintiff's Letter to Mrs. Angeline E. Destefano Regarding Internal Procedures.

The plaintiff alleges that on January 25, 2000, she wrote a letter to a citizen, Mrs. Angeline E. Destefano, who had become "irate" with plaintiff due to the fact that she did not have enough vouchers present in the office to sell to Mrs. Destefano. Compl. ¶13. See Letter from Carol A. Fox to Mrs. Angeline E. Destefano dated January 25, 2000 attached hereto as Exhibit F. The plaintiff admitted during her deposition that she mailed the letter to Mrs. Destefano to explain why she did not have the vouchers requested. (Fox I Depo, Exhibit A, p. 119, 124). Specifically, the plaintiff wrote:

> ... I am, at this time, endeavoring to have the amount of Senior Voucher Books (which as I explained to you on Monday, is 25 senior books, which I must wait for until Louis Criscuolo, who is in charge of them, is ready to give them to me.) increased. I know that my predecessor was allowed to have in excess of 100 books of all at a time, however, this has changed since I have been reinstated and only 25 senior voucher books are allowed at one time...

Thereafter, the defendant, Louis Pane, sent the plaintiff a written reprimand

4

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\DPANELA\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK161\MOTION FOR SUMMARY JUDGMENT MEMO OF LAW 5-4-051.DOC

regarding said letter on the grounds that there "is no reason to inform the public of internal procedure." See letter from Louis Pane to Carol Fox dated Feb. 1, 2000 attached hereto as Exhibit G.  The plaintiff claims that the defendants' conduct in regards to the Destefano letter "constituted punishment" for "her exercise of free speech" and violated her Equal Protection rights.  Compl. ¶11, 15.

### C. Twenty-five Voucher Book Limit.

Following the plaintiff's reinstatement, the plaintiff claims that a 25-voucher book limit was placed on her.  Compl. ¶12.  She claims that other employees have been allowed to receive more than 25 voucher books.  Id.  Specifically, the plaintiff claims that her **predecessor**, Sandra DePoto, and a part-time worker, Anne Santello, were permitted to have more than 25 voucher books.  See Plaintiff's Responses to Defendants' Interrogatories, attached hereto as Exhibit H, No. 16.  Plaintiff claims that the issuance of this policy constitutes disparate treatment in violation of the Equal Protection Clause.  Compl. ¶11.

However, the plaintiff admitted that Ms. DePoto stopped working at the Recreation Department when she bumped Ms. DePoto from said position.  Plaintiff also testified that she is "not privy" to information regarding how many vouchers Anne

LYNCH, TRAUB, KEEFE AND ERRANTE, P.C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\DPANELA\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK161\MOTION FOR SUMMARY JUDGMENT MEMO OF LAW 5-4-051.DOC

Santello is permitted to have. (Fox I Depo., Exhibit A, pp. 166-167). More importantly, the plaintiff testified that she does not know why she is treated differently. (Fox III Depo., Exhibit D, p. 4).

### D.     2000 Halloween Scavenger Hunt.

The plaintiff claims that on October 28, 2000, Louis Pane put her in charge of the Recreation Department's Halloween Scavenger Hunt. Compl. ¶16. During this event, the plaintiff claims that Theodore Musco, another Recreation Department employee, countermanded her because she attempted to organize the children. Id. She then attempted to turn her megaphone over to Mr. Musco but, instead, it fell to the ground. Id. The plaintiff began to leave the area but was confronted by Mayor Joseph Maturo, Jr., who accused her of damaging town property and ordered that she leave the area. Compl. ¶17. Thereafter, the plaintiff was suspended for sixty (60) days, which was later reduced to thirty (30) days. Compl. ¶19. The plaintiff claims that the discipline she received for this incident constitutes disparate treatment in violation of her Equal Protection rights. Compl. ¶11.

During her deposition, the plaintiff admitted that, from the defendants' point of view, she had behaved inappropriately at the Scavenger Hunt. (Fox I Depo., Exhibit A,

6

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\DPANELA\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK161\MOTION FOR SUMMARY JUDGMENT MEMO OF LAW 5-4-051.DOC

p. 150). She further admitted that she is not aware of any employee being in comparable circumstances to herself in regards to the Scavenger Hunt. (Fox I Depo., Exhibit A, p. 151). The plaintiff also is unaware of any employee being disciplined for similar incidents and/or their behavior at events such as the Scavenger Hunt. Id. at 150; Fox III Depo., Exhibit D, p. 10.

### E.  Sick Day Policy.

The plaintiff alleges that her Equal Protection rights were violated when the defendants ordered that she "would not be permitted to take sick days unless she first delivered her written request for a sick day to defendant Maturo's secretary and then returned to defendant Pane…" Compl. ¶22. During her deposition, the plaintiff testified that the procedure for obtaining a sick day has been the same since she began with the Department of Recreation in 1996. (Fox I Depo., Exhibit A, pp. 159-160). The only thing that has changed is that the forms are now on NCR paper. Id. at 156, 159-160. The purpose of sending the form to the mayor's office is to allow the timekeeper to keep track of the number of sick, vacation and personal days an employee has remaining. Id. at 155-156.

7

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\DPANELA\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK161\MOTION FOR SUMMARY JUDGMENT MEMO OF LAW 5-4-051.DOC

### F. Mayor Maturo's Reprimand Regarding Overtime.

The plaintiff alleges that Mayor Maturo reprimanded her for declining to work overtime without compensation. Compl. ¶23. However, during her deposition, the plaintiff admitted that she has "never refused overtime." (Fox III Depo., Exhibit D, p. 20). Moreover, the plaintiff admitted that East Haven has always fully compensated her for overtime work. (Fox I Depo., Exhibit A, pp. 115-116; Fox II Depo., Exhibit E, p. 65).

### G. No-Cash Policy.

The plaintiff claims that following her reinstatement, the defendants no longer allowed her to receive cash payments from citizens while other similarly situated employees were permitted to do so. Compl. ¶24. Plaintiff claims that such conduct constitutes disparate treatment in violation of her Equal Protection rights. Compl. ¶11. However, plaintiff clearly testified that she does not know why she is treated differently. (Fox III Depo., Exhibit D, p. 4). She also testified that the no-cash policy applies to "anyone who is employed by the Recreation Department." (Fox I Depo., Exhibit A, p. 104). Moreover, she stated that she preferred this no cash policy. Specifically, the plaintiff testified as follows: "I like the checks. Since I got there I have been after Louie [Pane] to let me take checks or money orders, and I didn't like

8

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\DPANELA\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK161\MOTION FOR SUMMARY JUDGMENT MEMO OF LAW 5-4-051.DOC

handling cash." (Fox III Depo., Exhibit D, pp. 21-22).

## II:     LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure requires the entry of summary judgment where the moving party "shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." F.R.C.P. 56(c).  A "material fact" is one whose resolution will affect the ultimate determination of the case.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986).  In determining whether a genuine issue of material fact exists, the court must resolve all ambiguities and draw all inferences against the moving party.  <u>Id</u>. at 255.  However, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  <u>Samuels v. Smith</u>. 839 F.Supp. 959, 962 (D.Conn. 1993).

The party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but … must set forth specific facts that there is a genuine issue for trial."  <u>Anderson</u>, 477 U.S. at 256.  Thus, when the moving party has satisfied its burden of identifying evidence which demonstrates the absence of a

9

Lynch, Traub, Keefe and Errante, p. c.   Attorneys at Law
52 Trumbull Street   p.o. box 1612   New Haven, Connecticut 06506-1612
Telephone (203) 787-0275   Facsimile (203) 782-0278

C:\Documents and Settings\DPanela\Local Settings\Temporary Internet Files\OLK161\Motion for Summary Judgment Memo of Law 5-4-051.doc

genuine issue of material fact, the non-moving party is required to go beyond the pleadings by way of affidavits, depositions, and answers to interrogatories in order to demonstrate a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Equally important, the non-moving party must produce evidence to show the existence of every element essential to its claim which it bears the burden of proving at trial. Equimark Commercial Finance Co. v. C.I.T. Financial Services Corp., 812 F.2d 141, 144 (3d Cir. 1987).

**III:   LEGAL ARGUMENT**

   **A.   Plaintiff Has Failed to Allege and Prove a Constitutional Violation Under the Fourteenth Amendment.**

To sustain an equal protection violation, the plaintiff must prove that he/she was selectively mistreated in comparison to other similarly situated persons and that such selective treatment was motivated by an intent to discriminate on an impermissible basis. Crowley v. Courville, 76 F.3d 47, 52-53 (2d Cir. 1996). The Plaintiff claims that her Equal Protection rights were violated by the Defendants[2] in that she received

---

[2] Since a municipality cannot be held liable under §1983 unless the plaintiff can prove that his/her constitutional violation was caused by a policy, practice or custom, the arguments in this section apply to the individual defendants (Louis Pane, Joseph Maturo, Louis Criscuolo and Frank Gentilesco).

10
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\DPANELA\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK161\MOTION FOR SUMMARY JUDGMENT MEMO OF LAW 5-4-051.DOC

disparate treatment in comparison to other similarly situated municipal employees. Compl. ¶ 11. However, the plaintiff failed to identify, let alone prove, that the alleged "unequal" treatment was motivated by some impermissible basis, such as gender, race or religion. Crowley v. Courville, 76 F.3d. 47, 52-53 (2d Cir. 1996). In fact, the plaintiff admitted that she does not know why the defendants treated her differently. See Fox III Depo., Exhibit D, p. 4. As this Circuit's law has made clear, "disparate treatment alone is insufficient to establish a denial of equal protection." Griffin v. County School Bd. of Prince Edward County, 377 U.S. 218, 230 (1964).

In addition, the plaintiff has disproved some of her Complaint's allegations and failed to demonstrate how she was treated differently in comparison to similarly situated employees. For instance, when asked how Defendant Frank Gentilesco treats her differently, Plaintiff responded: "I don't think I ever commented on Frank treating me differently… For the most part, Frank, if I asked for anything, he would try to accommodate me." See Fox III Depo., Exhibit D, p. 16. The only "difference" she could point to was during her grievance hearings, Mr. Gentilesco would represent East Haven's interests against her. Id. However, she cannot claim that in this regard, Mr. Gentilesco treats her differently than other similarly situated employees because she

11
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\DPANELA\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK161\MOTION FOR SUMMARY JUDGMENT MEMO OF LAW 5-4-051.DOC

admitted that she has never been present for grievance hearings of other employees wherein Frank Gentilesco has been defending East Haven's interests.  Id. at 17.  Thus, she has no evidence of her being treated differently by Mr. Gentilesco.

In regards to being treated differently based on a sick day policy, Plaintiff admitted that she has not been treated differently and there have been no substantive changes to the policy during her employment with the Department of Recreation.  See Fox I Depo., Exhibit A, pp. 156-160.  She has also denied the allegation in her Complaint that she was reprimanded by Defendant Maturo for refusing to work overtime.  Specifically, Plaintiff testified that she has "never refused overtime" and that she has always been fully compensated for overtime hours she worked.  Id. at 115-116; Fox II Depo., Exhibit E, p. 65.

Plaintiff's claim that she was treated differently because the defendants issued a 25-voucher book limit is similarly without merit.  The plaintiff points to two other employees as being allowed to have more than 25 voucher books:  Sandra Depoto (her predecessor) and Anne Santello (part-time worker).  See Exhibit H; Fox I Depo., Exhibit A, p. 162-163.  First, the plaintiff cannot establish disparate treatment in comparison to someone who did not work at the Department of Recreation during her employment.

12
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\DPANELA\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK161\MOTION FOR SUMMARY JUDGMENT MEMO OF LAW 5-4-051.DOC

Second, plaintiff admitted that she does not know whether the voucher limit applies to Anne Santello because she is "not privy" to that information.  See Fox I Depo., Exhibit A, pp. 166-167.  Moreover, Plaintiff has failed to identify how she is similarly situated (as the sole full-time administrative assistant to the Director) to Anne Santello (a part-time employee that assists with selling vouchers and dressing up for the Scavenger Hunt and Easter Egg Hunt).[3]  See Fox I Depo., Exhibit A, pp. 113-114.

In regards to the 2000 Scavenger Hunt incident, plaintiff admits that she cannot point to other similarly situated employees that have been in comparable circumstances to her in regards to this incident.  Id. at 151.  Plaintiff could not identify other instances wherein an employee was disciplined for a similar incident/behavior such as what occurred at the 2000 Scavenger Hunt.  Id. at 150; Fox III Depo., Exhibit D., p. 10.  Moreover, she admitted that, from the defendants' point of view, she had behaved inappropriately at this event.  See Fox I Depo., Exhibit A, p. 150.  Accordingly, she completely lacks any evidence that she was treated differently in this regard.

---

[3] There can also be no claim that she is treated differently from other administrative assistants within the Town because Plaintiff admitted that she is not aware of ways in which she is treated differently by the defendants in comparison to Town employees outside the Department of Recreation. See Fox III Depo. Exhibit D pp. 11-12

13

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\DPANELA\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK161\MOTION FOR SUMMARY JUDGMENT MEMO OF LAW 5-4-051.DOC

In regards to the no-cash policy, Plaintiff admitted that such was implemented following one of her errors in transposing voucher numbers. Id. at 99-100. She also admitted that the no-cash policy was issued to apply to "anyone who is employed by the Recreation Department." Id. at 104. Interestingly, she admitted that the policy is a preferred policy. Plaintiff testified: "I like the checks. Since I got there I have been after Louie [Pane] to let me take checks or money orders, and I didn't like handling cash." See Fox III Depo., Exhibit D, pp. 21-22. Furthermore, she admitted that her preference for such arose out of prior instances of missing money and missing vouchers. See Fox I Depo., Exhibit A, pp. 85-89. Therefore, implementing a requested policy – a policy in response to reports of missing money and vouchers - cannot constitute grounds for violation of the Equal Protection Clause.

### B.     The Record Lacks Any Evidence Supportive of a <u>Monell</u> Claim.

The U.S. Supreme Court has made it clear that "[m]unicipalities are subject to §1983 liability where the execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts injury." Monell v. New York Dept. of Soc. Servs., 436 U.S. 658, 694 (1978). Here, the Plaintiff does not allege that the Town of East Haven maintained a policy,

14
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\DPANELA\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK161\MOTION FOR SUMMARY JUDGMENT MEMO OF LAW 5-4-051.DOC

practice or custom of violating constitutional rights as is necessary to hold a municipality liable under §1983.  Id.   Moreover, the record clearly establishes that the plaintiff lacks any evidence supportive of a Monell claim in this case.  Plaintiff admits that she is unaware of the Town of East Haven and/or the defendants treating other employees as she claims to have been mistreated in this case.  See Fox Depo. III, Exhibit D, p. 29.

    **C.**    **Plaintiff Has Failed to Allege and Prove that the Defendants Retaliated Against Her for Exercising Her First Amendment Rights.**

To prove a prima facie case of First Amendment retaliation, the plaintiff must show that he/she exercised a First Amendment right and that adverse employment action was made in retaliation for his/her exercise of constitutionally protected free speech.  Greenwich Citizen's Commitment, Inc. v. Counties of Warrant and Washington Industrial Development Agency, 77 F.3d 26, 32 (2d Cir. 1996) (citing Perry v. Sindermann, 408 U.S. 593, 598 (1972)).  In this regard, the First Amendment protects job-related speech only on matters of public concern.  Connick v. Myers, 461 U.S. 138, 147 (1983).  Thus, "when a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the

most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior." Id.

The determination of whether job-related speech is a matter of public concern or a matter of personal interest is a question of law. Barton v. City of Bristol, 294 F.Supp.2d 184, 199 (D. Conn. 2003). If the speech does not address a matter of public concern, the analysis ends. Lewis v. Cohen, 165 F.2d 154, 161-162. (2d Cir. 1999).

Here, the plaintiff claims that the defendants retaliated against her for exercising her free speech rights in regards to the Jan. 25, 2000 letter she mailed to Mrs. Angeline Destefano. Compl. ¶¶11, 15. See Exhibits F and G. However, it is clear that said letter cannot fairly be considered as relating to any matter of political, social or other concern to the community to receive First Amendment protection. Such revealed the Recreation Department's internal procedure for vouchers, which is outside the First Amendment's protection. Since the plaintiff has failed to offer evidence that she was engaged in protected speech, the analysis of the retaliation claim ends in regards to the Destefano letter.

In addition, the plaintiff claims that the defendants retaliated against her for

16
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\DPANELA\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK161\MOTION FOR SUMMARY JUDGMENT MEMO OF LAW 5-4-051.DOC

joining with her labor union to challenge her termination and denial of unemployment compensation. Compl. ¶¶8, 11. However, Plaintiff testified that she has never been punished by any of the defendants for joining her labor union nor have the defendants punished her for challenging the Town's denial of unemployment compensation. Id. at 8-9. Accordingly, the retaliation claims must fail.

Lastly, the plaintiff has failed to identify any adverse employment action taken in retaliation for such challenges and letter. An adverse employment action is a "materially adverse change in the terms and conditions of employment." Richardson v. New York State Dept. of Corr. Serv., 180 F.3d 426, 446 (2d Cir. 1999) (citations omitted). At the same time, however, "'not every unpleasant matter short of [discharge or demotion] creates a cause of action' for retaliatory discharge." Richardson, 180 F.3d 446. Certainly, implementing policies such as voucher limits and no acceptance of cash fail to constitute an adverse employment action. Therefore, the plaintiff's retaliation claims fail.

### D.     The Individual Defendants are Entitled to Qualified Immunity.

Although 42 U.S.C. § 1983 provides a right of action against any person who, acting under color of law, deprives another of a right, privilege or immunity secured by

17

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\DPANELA\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK161\MOTION FOR SUMMARY JUDGMENT MEMO OF LAW 5-4-051.DOC

the Constitution or federal law, such a claim fails where the defendant is entitled to qualified immunity. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818; 102 S. Ct. 2727 (1982). The doctrine of qualified immunity shields public officials from liability where "their conduct does not violate clearly established statutory or constitutional rights" that would have been known to a reasonable person <u>or</u> where "it is objectively reasonable for them to believe that their acts do not violate those rights." <u>Whalen v. County of Fulton</u>, 126 F.3d 400, 404 (2d Cir. 1997). <u>See also</u> <u>Lennon v. Miller</u>, 66 F.3d 416, 422 (2d Cir. 1995). In the present case, under either test, the individual defendants are entitled to qualified immunity.

The plaintiff cannot point to any clearly established statutory or constitutional right that she not be subject to a voucher limit policy, a sick day policy, a no-cash policy, and freedom from reprimand for inappropriate behavior at a work-related event (such as the Scavenger Hunt). Moreover, in light of the prior instances of missing money and vouchers and defendants' responsibilities in their own positions with East Haven, it is objectively reasonable for the individual defendants to believe that issuing said policies and reprimands did not violate the plaintiff's constitutional rights. Accordingly, should this Court find that the individual defendants violated either the plaintiff's First or

18
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\DPANELA\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK161\MOTION FOR SUMMARY JUDGMENT MEMO OF LAW 5-4-051.DOC

Fourteenth Amendment rights, this Court should find that the individual Defendants are entitled to qualified immunity as a matter of law.

### E. A Portion of Plaintiff's Claims are Time-Barred

Lastly, the plaintiff's claims based on the no-cash policy are time-barred. "In section 1983 actions, the applicable limitations period is found in the general or residual state statute of limitations for personal injury actions." Pearl v. Long Beach, 296 F.3d 76, 79 (2d Cir. 2002) (internal quotation and citation omitted). "When a §1983 action is filed in the District of Connecticut, it is subject to a three-year statute of limitations." Walker v. Jastremski, 159 F.3d 117, 119 (2d Cir. 1998). The plaintiff testified that the no-cash policy was issued and implemented on July 20, 1999. See Fox III Depo., Exhibit D, p. 28. This lawsuit was filed on September 9, 2002. See Compl. Accordingly, the statute of limitations on this claim expired on July 20, 2002.

### IV: CONCLUSION

For the foregoing reasons, the Defendants respectfully request that this Court grant their Motion for Summary Judgment as there are no genuine issues of material fact and they are entitled to judgment as a matter of law.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\DPANELA\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK161\MOTION FOR SUMMARY JUDGMENT MEMO OF LAW 5-4-051.DOC

```
                            THE DEFENDANTS
                            TOWN OF EAST HAVEN, JOSEPH MATURO,
                            JR., LOUIS PANE, FRANK GENTILESCO and
                            LOUIS CRISCUOLO


                    BY:     _____
                            HUGH F. KEEFE, ESQ.
                            52 Trumbull Street,
                            P.O. Box 1612
                            New Haven, CT 06596
                            (203) 787-0275
                            Federal Bar No. ct05106
```

## CERTIFICATION

I hereby certify that a copy of the above was mailed on May 4, 2005 to all counsel and pro se parties of record as follows:

John Williams, Esq.
Katrena Engstrom, Esq.
51 Elm Street
New Haven, CT 06510

```
                                        _____
                                        Hugh F. Keefe
```

20

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\DPANELA\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK161\MOTION FOR SUMMARY JUDGMENT MEMO OF LAW 5-4-051.DOC