UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CAROL A. FOX | : | CASE NO. 3:02-CV-01540 (WWE) |
| | : | |
| V. | : | |
| | : | |
| TOWN OF EAST HAVEN, JOSEPH | : | |
| MATURO, JR., LOUIS PANE, FRANK | : | |
| GENTILESCO, and LOUIS CRISCUOLO | : | MAY 4, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO COMPEL**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, the Defendants, Town of East Haven, Joseph Maturo, Jr., Louis Pane, Frank Gentilesco and Louis Criscuolo, hereby submit this memorandum of law in support of their Motion to Compel dated May 4, 2005 requesting this Court to enter an order compelling the Plaintiff to execute the medical authorizations attached to the Motion to Compel (authorizations to Richard C. Lewis, M.D., Barbara G. Orrok, M.D., and Thomas G. Campbell) and an order compelling the Plaintiff to produce all requested medical reports and all documents listed in "Schedule A" attached to the Defendants' Re-Notice of Continued Deposition for Carol Fox dated April 7, 2005.

1

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\DPANELA\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK161\MOTION TO COMPEL MEMO OF LAW 5-4-05.DOC

### I:    Factual Background

The Plaintiff, Carol Fox, commenced the present action by Complaint dated August 28, 2002.  Therein, the Plaintiff sued the Town of East Haven, Louis Pane, Mayor Joseph Maturo, Jr., Frank Gentilesco and Louis Criscuolo, alleging that the Defendants violated her First and Fourteenth Amendment rights.  Compl. ¶¶11, 15.  Specifically, the Plaintiff claims that as an employee of the Town of East Haven, the defendants retaliated against her for exercising her First Amendment rights and subjected her to disparate treatment in violation of the Equal Protection Clause.  Id.

Pursuant to Fed.R.Civ.Proc. Rules 33 and 34, the defendants served the plaintiff with written Interrogatories and Requests for Production on or about February 10, 2004 On May 7, 2004, the Plaintiff submitted her responses to said requests.  In response to Interrogatory No. 24 requesting the plaintiff to list any treating health care providers related to her alleged injuries or conditions (including her alleged emotional distress), the plaintiff responded that she has been treated by Thomas Campbell and Dr. Richard Lewis, among others.  See Plaintiff's Responses to Defendants' Interrogatories dated May 7, 2004 attached hereto as Exhibit A.  In response to Request for documents No. 2,

2

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\DPANELA\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK161\MOTION TO COMPEL MEMO OF LAW 5-4-05.DOC

which requested all medical reports and bills from the health care providers, the plaintiff responded, "These records have been requested from all my treaters and will be provided when received." See Plaintiff's Responses to Defendants' Requests for Production dated May 7, 2004 attached hereto as Exhibit B.  No objection was ever raised by plaintiff to these discovery requests.  To date, all of the relevant medical records have not been produced.

Since defense counsel had not been provided with all of the relevant medical records, on March 22, 2005, defense counsel sent plaintiff's counsel a letter requesting that his client execute medical authorizations for Dr. Richard Lewis, Dr. Barbara Orrok and Thomas Campbell.  See letter from Nancy A. Fitzpatrick to John R. Williams dated March 22, 2005 attached hereto as Exhibit C.  When plaintiff's counsel failed to respond to said letter, defense counsel requested that the executed medical authorizations be produced at the plaintiff's deposition scheduled for April 19, 2005. See Re-Notice of Continued Deposition dated April 7, 2005 attached hereto as Exhibit D.

In addition, in response to the defendants' request for documents No. 6, which requested all documents pertaining to her employment, the plaintiff responded, "These files are extensive and are available for inspection and copying at the office of my

3

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\DPANELA\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK161\MOTION TO COMPEL MEMO OF LAW 5-4-05.DOC

attorney…" See Exhibit B.  Thereafter, defense counsel reviewed these files at plaintiff's counsel's office.  However, after such review, numerous documents were still missing from production.  Accordingly, defense counsel requested that the missing documents also be produced at the plaintiff's continued deposition on April 19, 2005.  See Exhibit D.

On April 19, 2005, the plaintiff appeared for her deposition but failed to produce any of the documents requested in Schedule A attached to the deposition notice, including executed medical authorizations.  In fact, the plaintiff testified that her attorney never showed her the request for documents in the deposition notice.  See Transcript of Carol Fox Deposition dated April 19, 2005 attached hereto as Exhibit E, pp. 22-23.  Thus, she did not bring any of the documents requested therein.  Id.  As a solution, Attorney John Williams, plaintiff's counsel, offered defense counsel the opportunity to **re**-review the files in his office.  Id. at pp. 24-25.  Certainly, reviewing the same files is not a solution to producing documents requested for a deposition.  Failing to produce such entirely inhibited the areas of questioning defense counsel intended to explore during the deposition.

Equally important, when defense counsel requested the executed medical

4

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\DPANELA\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK161\MOTION TO COMPEL MEMO OF LAW 5-4-05.DOC

authorizations from plaintiff, Attorney Williams responded "I didn't remember that. I'm sorry. But if you have them —" Id. at 26-27.  Later in the deposition, defense counsel provided plaintiff's counsel with yet another copy of the medical authorizations to be executed by plaintiff.  At this time, Attorney Williams stated for the first time that he objected to production of the relevant documents and execution of the authorizations.  Id. at 38. Accordingly, the defendant has no other choice but to seek intervention by the Court.

This matter is not currently scheduled for trial.

**II:**	**Discovery Items in Dispute**

Below is a list of the discovery items in dispute.

1. Letter from the Office of Policy and Management informing Carol Fox that her hours at the Finance Department were cut and referenced in Ms. Fox' deposition dated May 28, 2004, pg. 14, lines 1-13.

2. Any and all documents related and/or pertaining in any way to Greg Linck's (or Link's) work with the Town of East Haven, including but not limited to the estimate, bills, invoices and purchase orders referenced by Carol Fox during her deposition dated May 28, 2005, pg. 75, lines 7-17; pg. 76, lines 3-5; pg. 77, lines 22-24; and, pg. 80, lines 8-12.

3. Letter from Town indicating that there was a change in policy regarding rink employees' handling of cash referenced by Carol Fox during her deposition dated May 28, 2004, pg. 90, lines 16-23.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\DPANELA\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK161\MOTION TO COMPEL MEMO OF LAW 5-4-05.DOC

4. Any and all documents related and/or pertaining in any way to the voucher incident described by Carol Fox in her deposition dated May 28, 2004, pp. 99-100.

5. The new contract referenced by Carol Fox during her deposition dated May 28, 2004, pg. 110, line 25.

6. The union contract referenced by Carol Fox during her deposition dated May 28, 2004, pg. 113, lines 12-17.

7. Any and all documents related to and/ or pertaining in any way to Carol Fox' complaint(s) and/ or grievance(s) regarding the defendants' discipline of her for sending a letter to Mrs. DeStefano as referenced in Ms. Fox' deposition dated May 28, 2004, pg. 126, lines 23-25 and pg. 127, lines 1-6.

8. Letter and/or memo related to a change in the voucher policy placing a limit on the number of vouchers Carol Fox was allowed to have as referenced by Ms. Fox in her deposition dated May 28, 2004, pg. 165, lines 5-18.

9. Any and all documents related and/or pertaining in any way to Carol Fox complaining that she was being treated by the defendants differently than other employees and/or complaining that her rights under her union contract were being violated. This request is not limited to grievances filed by Ms. Fox.

10. Any and all union contracts in effect during the incidents claimed by Carol Fox to constitute a basis for this lawsuit, including the one referenced by Ms. Fox during her December 13, 2004 deposition, pg. 77, lines 13-23.

11. Fully executed medical authorizations for Dr. Barbara Orrok, Dr. Richard Lewis and Thomas Campbell (copy of unexecuted medical authorizations attached hereto).

6

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\DPANELA\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK161\MOTION TO COMPEL MEMO OF LAW 5-4-05.DOC

12. Any and all documents related to or pertaining in any way to disciplinary action taken against Carol Fox while she was employed by the Town of West Haven and/or Dale Security Services.

13. Any and all documents related to or pertaining in any way to workman compensation claims filed by and/or for Carol Fox during her employment with the Town of West Haven and/or Dale Security Services.

14. Any and all agreements or contracts between Carol Fox (or anyone acting on her behalf) and any of the defendants (or anyone acting on their behalf) during her employment with the Town of East Haven. This request includes, but is not limited to, those agreements referenced by Ms. Fox during her December 13, 2004 deposition, pg. 23, lines 4-25 and pg. 24, lines 1-9.

15. Any and all documents/files removed by Carol Fox from the Town of East Haven's files [including but not limited to those in the Department of Recreation's office(s))] regarding the Town's employees except those pertaining to Ms. Fox. This request includes but is not limited to the medical records, disciplinarian letters, time sheets/cards, and absentee slips that Ms. Fox removed and those documents referenced in Ms. Fox' December 13, 2004 deposition, pg. 25, lines 18-24.

16. Copy of Carol Fox' daily journal/log of events at the recreation department referenced in Ms. Fox' December 13, 2004 deposition, pg. 31, lines 20-25.

17. Copies of all reports and bills from the doctors and other health care providers related to treatment received by plaintiff as a result of the incidents alleged in her Complaint dated August 28, 2002.

**III.  Legal Argument**

The production of the these documents is overdue since they were requested in

7

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\DPANELA\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK161\MOTION TO COMPEL MEMO OF LAW 5-4-05.DOC

February, 2004 and not objected to nor produced. Accordingly, any objection the plaintiff may have now has been waived.

Moreover, the defendant is entitled to such documents because they are relevant. In regards to the medical authorizations and records, "[a]t trial, if [the plaintiff] contends that she has suffered emotional distress, clearly defendant is entitled to present evidence that other stressful situations in her past personal history have contributed to her emotional distress." Lowe v. Philadelphia Newspapers, Inc., 101 F.R.D. 296, 298 (E.D. Pa. 1983). See also Potter v. West Side Transportation, Inc., 188 F.R.D. 362 (D. Nev. 1999) (defendant was entitled to plaintiff's medical records regarding treatment for emotional and mental injuries where the plaintiff claimed to have suffered emotional injuries as a result of the defendant's conduct).

Here, plaintiff has clearly testified that the medical providers treated her for injuries and conditions related to her claims against the defendants. The plaintiff admitted that Dr. Lewis, Dr. Orrok and Mr. Campbell all treated her for emotional distress related to her employment and the defendants' alleged actions. See Exhibit E, p. 38-41; Transcript of Carol Fox Deposition dated December 13, 2004 attached hereto as Exhibit F, pp. 7-17. In short, the defendants are entitled to records related to treatment

8

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\DPANELA\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK161\MOTION TO COMPEL MEMO OF LAW 5-4-05.DOC

directly related to the events at issue as well as prior emotional distress treatment.

**III:     Conclusion**

    Wherefore, the defendants respectfully request that this Court grant their Motion to Compel and order the plaintiff to execute the medical authorizations attached to the Motion to Compel and produce all requested medical records, as well as the documents listed in Schedule A attached to the deposition notice referenced herein.

                      THE DEFENDANTS
                      TOWN OF EAST HAVEN, JOSEPH MATURO,
                      JR., LOUIS PANE, FRANK GENTILESCO and
                      LOUIS CRISCUOLO

                      BY:     _____
                            HUGH F. KEEFE, ESQ.
                            52 Trumbull Street,
                            P.O. Box 1612
                            New Haven, CT 06596
                            (203) 787-0275
                            Federal Bar No. ct05106

9

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\DPANELA\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK161\MOTION TO COMPEL MEMO OF LAW 5-4-05.DOC

## **CERTIFICATION**

I hereby certify that a copy of the above was mailed on May 4, 2005 to all counsel and pro se parties of record as follows:

John Williams, Esq.
Katrena Engstrom, Esq.
51 Elm Street
New Haven, CT 06510

_____
Hugh F. Keefe

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\DPANELA\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK161\MOTION TO COMPEL MEMO OF LAW 5-4-05.DOC