UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2005 JUN 27 ᗡ 12: 22

U.S. DISTRICT COURT
BRIDGEPORT, CONN

CAROL A. FOX                            :

VS.                                     :          NO. 3:02CV1540 (WWE)

                                        :
TOWN OF EAST HAVEN,                     :
JOSEPH MATURO, JR.,                     :
LOUIS PANE,                             :
FRANK GENTILESCO and                    :
LOUIS CRISCUOLO                         :          JUNE 23, 2005


### PLAINTIFF'S LOCAL RULE 56(a)(2) STATEMENT

I. RESPONSES TO DEFENDANTS' STATEMENT OF FACTS:

  1. Agree.

  2. Agree.

  3. Agree.

  4. Agree.

  5. Agree.

  6. Agree.

  7. Agree that the Plaintiff is not aware of any employees that were in comparable circumstances to her in terms of the scavenger hunt that were disciplined for their behavior.

  8. Agree.

  9. Disagree. (Defendants' Exhibit D, pages 4-5)

  10. Agree that Plaintiff was never punished by the Defendants for actually joining a labor union but contends that she was punished for joining *with* her labor union in fighting some of the Defendants' actions against her. (Plaintiff's Exhibit A)

11. Disagree. (Plaintiff's Exhibit A)

12. Agree.

13. Agree.

14. Disagree. (Defendants' Exhibit D, pages 11-12)

15. Disagree. (Plaintiff's Exhibit A)

16. Agree.

17. Agree.

18. Agree.

19. Agree.

20. Unable to agree or disagree.

## II. PLAINTIFF'S STATEMENT OF MATERIAL FACTS:

1. The Plaintiff was subject to retaliation by the Defendants for successfully grieving her termination. (Plaintiff's Exhibit A, answers 8-15, 17, 18, 21)

2. The Plaintiff was subject to retaliation by the Defendants for successfully obtaining unemployment compensation. (Plaintiff's Exhibit A, answers 8-15, 17, 18, 21)

3. The Defendants instituted a policy whereby the Plaintiff was not allowed to accept cash payments from the public in the exercise of her official duties at a time when other municipal employees were so allowed. (Plaintiff's Exhibit A, answers 9, 10, 11, 12, 14, 15)

4. The Defendants instituted a policy whereby the Plaintiff was not allowed to possess more than 25 voucher books for sale to the public in the exercise of her official duties at a time when other municipal employees had been or were able to possess far more than 25 voucher books. (Plaintiff's Exhibit A, answers 9-17)

5. In January, 2000, the Plaintiff was asked by Mrs. Angeline Destefano, a member of the public for vouchers but was unable to provide them because she had exceeded her allotment as mandated by the Defendants. Plaintiff's Exhibit A, answers 14, 15, 18)

6. On January 25, 2000, the Plaintiff wrote a letter to Mrs. Destefano explaining why she had been unable to fulfill Mrs. Destefano's request for vouchers. (Defendants' Exhibit F)

7. The Defendants reprimanded the Plaintiff for sending the January 25, 2000 letter to Mrs. Destefano. (Plaintiff's Exhibit A, answer 15)

8. The Plaintiff was in charge of the Halloween 2000 Scavenger Hunt (Plaintiff's Exhibit A, answer 19)

9. The Defendants suspended the Plaintiff for 60 days due to what they perceived to be inappropriate behavior by the Plaintiff at the scavenger hunt. (Plaintiff's Exhibit A, answers 19, 20, 21; Defendants' Exhibit A, page 150)

THE PLAINTIFF,
CAROL FOX

By: _____
　Joseph M. Merly, Esq.
　John R. Williams and Associates, LLC
　51 Elm Street, Suite 409
　New Haven, CT 06510
　Telephone No.: (203)562-9931
　Fax No.: (203)776-9494
　Federal Bar No. CT 21266

<u>CERTIFICATION</u>

This is to certify that a copy of the foregoing was mailed, postage prepaid, this

23rd  day of June,  2005 to the following counsel of record:

Hugh F. Keefe, Esq.
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06596


Joseph M. Merly, Esq.