UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CAROL A. FOX | :      CASE NO. 3:02-CV-01540 (WWE) |
| | : |
| V. | : |
| | : |
| TOWN OF EAST HAVEN, JOSEPH | : |
| MATURO, JR., LOUIS PANE, FRANK | : |
| GENTILESCO, and LOUIS CRISCUOLO | :      JULY 27, 2005 |

**REPLY BRIEF IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The Defendants, Town of East Haven, Joseph Maturo, Jr., Louis Pane, Frank Gentilesco and Louis Criscuolo, hereby reply to the Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment dated June 23, 2005 (hereinafter "Plaintiff's Memo").

**I:**     **Plaintiff Entirely Failed to Address the Defendants' Arguments that the Individual Defendants are Entitled to Qualified Immunity, that the Record Lacks Evidence in Support of a Monell Claim, and that Any Claim Based on the No-Cash Policy is Barred by the Statute of Limitations.**

In the Defendants' Memorandum of Law in Support of Defendants' Motion for Summary Judgment dated May 4, 2005 (hereinafter "Defendant's Memo"), the defendants raised several grounds entitling them to judgment as a matter of law. Some

1

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\FOX\REPLY BRIEF FOR MOT FOR SUM JUDG 7-27-05.DOC

of these grounds were not addressed whatsoever by the plaintiff in her oppositional brief.  Accordingly, this Court should consider the plaintiff's claims abandoned and grant judgment in favor of the defendants.  <u>Douglas v. Victor Capital Group</u>, 21 F.Supp.2d 379, 393 (S.D.N.Y. 1998) (deeming claims abandoned and recommending dismissal when plaintiff failed to provide oppositional argument).  <u>See</u> also <u>Minney v. Kradas</u>, 2004 WL 725330, at *3 (D. Conn. March 31, 2004) (plaintiff's utter failure to respond to defendants' argument on motion for summary judgment could be considered abandoned and dismissed); <u>Taylor v. City of New York</u>, 269 F.Supp.2d 68, 75 (E.D.N.Y. 2003) ("Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way."); <u>National Communications Ass'n, Inc. v. American Tel. & Tel. Co</u>., 1998 WL 118174, at *28 (S.D.N.Y. March 16, 1998) (where plaintiff did not address claim in response to defendant's summary judgment motion, claim deemed abandoned and defendant granted summary judgment); <u>Anti-Monopoly, Inc. v. Hasbro, Inc</u>., 958 F.Supp. 895, 907 & n. 11 (S.D.N.Y.) ("the failure to provide argument on a point at issue constitutes abandonment of the issue"), <u>aff'd</u>, 130 F.3d 1101 (2d Cir. 1997).

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278
W:\EAST HAVEN\FOX\REPLY BRIEF FOR MOT FOR SUM JUDG 7-27-05.DOC

First, the defendants moved for summary judgment on the ground that the individual defendants are entitled to qualified immunity on the plaintiff's claims. See Defendants' Memo, pp. 17-19.  As stated in the Defendants' Memo, the individuals are entitled to such because the plaintiff cannot point to any clearly established statutory or constitutional right to not be subject to the internal employment procedures at issue and because it was objectively reasonable for the individual defendants to believe that their acts did not violate plaintiff's statutory and constitutional rights.  In her oppositional brief, the plaintiff entirely failed to direct this Court to any clearly established statutory or constitutional right and failed to attempt to persuade this Court that the individual defendants were unreasonable to believe that they were not violating the plaintiff's rights.

Second, the defendant Town of East Haven moved for summary judgment on the ground that the plaintiff failed to produce evidence supportive of a Monell claim against the municipality.  See Defendants' Memo, pp. 14-15. Put simply, the plaintiff's claims against the Town cannot survive without any allegation or proof of a municipal policy, practice or custom of violating the constitutional rights at issue here.  Again, the plaintiff entirely failed to direct this Court to proof of any such policy, practice or

3

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\FOX\REPLY BRIEF FOR MOT FOR SUM JUDG 7-27-05.DOC

custom.

Lastly, the defendants moved for summary judgment on all claims related to the no-cash policy on the grounds that any such claim was barred by the statute of limitations. See Defendants' Memo, pg. 19. Rather than address this claim directly in her oppositional brief, the plaintiff takes the position in her Local Rule 56(a)(2) Statement that she is "unable to agree or disagree" that the "no-cash policy in question in the Plaintiff's complaint was issued and implemented on July 20, 1999." However, the plaintiff clearly testified in her deposition that the no cash policy "was implemented on July twentieth of 1999." See Exhibit D attached to Defendants' Memo, p. 28 and Memorandum from Louis Pane to Paul Rizza dated July 20, 1999 attached hereto (marked as Exhibit 16 in plaintiff's deposition). Such avoidance of the issue should not be permitted by this Court. The plaintiff's own testimony establishes that the policy was implemented on July 20, 1999. As such, this indirect stand should not be considered responsive to the defendants' argument on this issue.

In short, the plaintiff's failure to respond to the defendants' arguments referenced above should be deemed an abandonment and entitle the defendants to judgment as a matter of law.

4

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\FOX\REPLY BRIEF FOR MOT FOR SUM JUDG 7-27-05.DOC

## II.  The Record Lacks Evidence Supportive of an Equal Protection Claim.[1]

In the Plaintiff's Memo, the plaintiff argues that her failure to identify why she is being treated differently only begs the question as to how anyone could know the subjective motivations of people. However, plaintiff misunderstands the defendants' point. In order to allege, let alone prove, an equal protection violation, the plaintiff must prove that the mistreatment "was motivated by an intent to discriminate on an impermissible basis," such as race, gender, or religion. Crowley v. Courville, 76 F.3d 47, 52-53 (2d Cir. 1996). Here, no such impermissible basis has been identified or proven which is critical to the equal protection claim. Accordingly, this claim must fail.[2]

## III.  Plaintiff's Retaliation Claims Fail Because the Destefano Letter Does Not Constitute Protected Speech and the Defendants' Conduct Does Not Constitute Adverse Employment Action.

In the Plaintiff's Memo, the plaintiff argues that she was "engaged in protected participation when she wrote a letter to Mrs. Angeline Destefano on January 25, 2000"

---

[1] The Court should only reach the following arguments if it rejects the defendants' abandonment argument and rejects the defendants' arguments that the plaintiff has failed to establish a Monell claim, that the individual defendants are entitled to qualified immunity and that the no-cash policy is time-barred as set forth fully in the Defendants' Memo.

[2] Since the plaintiff appears to rely on her retaliation claim rather than her equal protection claim, the defendants rely on their equal protection arguments raised in the

5

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\FOX\REPLY BRIEF FOR MOT FOR SUM JUDG 7-27-05.DOC

because the speech was a matter of public concern due to the fact that the plaintiff was writing "to a member of the public directly addressing an issue concerning Town business and/or policy which that person raised to the employee." First, the question of whether the letter addresses a matter of public concern does not turn on the status of the letter's recipient. The plaintiff has not, and cannot, direct this Court to any case holding such. Therefore, it is irrelevant that the letter was addressed to a "member of the public."

Second, whether the letter addresses a matter of public concern turns on whether the content relates to any matter of political, social or other concern of the community. Lewis v. Cohen, 165 F.2d 154, 161-162 (2d Cir. 1999) (emphasis added). See also Connick v. Myers, 461 U.S. 138, 147-148 & n. 7 (1983) (whether speech is a matter of public concern is determined "by the content, form, and context of a given statement, as revealed by the whole record"). The plaintiff's argument that the Destefano letter is protected because it was written by a municipal employee to address an issue raised by a member of the public should be rejected because this fact does not convert the job-related speech into a matter of public concern. Instead, an analysis of said letter reveals

---

Defendants' Memo rather than reiterate such here.

6

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\FOX\REPLY BRIEF FOR MOT FOR SUM JUDG 7-27-05.DOC

that it simply addressed the Department of Recreation's voucher-limit policy, which is clearly not a matter of political or social concern to the community. As such, the plaintiff's retaliation claims based on this letter must fail.

The plaintiff further argues that the defendants' following conduct constitutes retaliation:

(1) Reprimand for the Destefano letter;

(2) Reprimand by Mayor Maturo for refusing to work overtime without compensation;

(3) Issuance of 25-voucher book limit;

(4) Issuance of no-cash policy; and,

(5) Suspension for the 2000 Scavenger Hunt incident.

First, as made clear above (and in the Defendants' Memo), the reprimand for the Destefano letter must fail because the speech at issue is not constitutionally protected. Thus, the reprimand cannot constitute retaliation.

Second, the plaintiff denied the allegation that Mayor Maturo reprimanded her for refusing to work overtime without compensation. The plaintiff testified in her deposition that she "never refused overtime" and that she was always compensated for

7

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\FOX\REPLY BRIEF FOR MOT FOR SUM JUDG 7-27-05.DOC

her overtime work.  See Exhibit D attached to Defendants' Memo, p. 20; Exhibit A attached to Defendants' Memo, pp. 115-116; and, Exhibit E attached to Defendants' Memo, p. 65.  She also agreed to such facts in her Local Rule 56(a)(2) Statement (nos. 17 & 18).  Accordingly, the unsupported allegation cannot provide a basis for a retaliation claim.

Third, the issuance of the 25-voucher limit and no-cash policy do not constitute "adverse employment action" as defined by the case law regarding retaliation claims. See e.g. Richardson v. New York State Dept. of Corr. Serv., 180 F.3d 426, 446 (2d Cir. 1999).   The plaintiff has failed to direct this Court to case law holding that such policies provide a plaintiff with a basis for these claims.  Therefore, these policy changes cannot support the plaintiff's retaliation claims.[3]

Lastly, the 2000 Scavenger Hunt suspension does not provide the plaintiff with a basis for her retaliation claims.  One, the suspension occurred almost a year and half after plaintiff's reinstatement.  Two, plaintiff admitted during her deposition that the suspension was as a result of the defendants' perception that she had behaved

---

[3] As previously indicated, the retaliation claim should fail regarding the no-cash policy because such is barred by the statute of limitations.

8

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\FOX\REPLY BRIEF FOR MOT FOR SUM JUDG 7-27-05.DOC

inappropriately at the Scavenger Hunt.[4]  See Exhibit A attached to Defendants' Memo, pp. 150-151.  Accordingly, such cannot constitute a basis for the plaintiff's retaliation claims.

### IV.    Conclusion

Wherefore, for the reasons set forth above and in the Defendants' Memo, the Defendants respectfully request that their Motion for Summary Judgment be granted.[5]

                    THE DEFENDANTS
                    TOWN OF EAST HAVEN, JOSEPH MATURO, JR., LOUIS PANE, FRANK GENTILESCO and LOUIS CRISCUOLO

BY: _____
      HUGH F. KEEFE, ESQ.
      52 Trumbull Street,
      P.O. Box 1612
      New Haven, CT 06596
      (203) 787-0275
      Federal Bar No. ct05106

---

[4] Plaintiff also agreed with the Defendants' Local Rule 56(a)(1) Statement, no. 6, that she was disciplined as a result of her actions at the 2000 Scavenger Hunt because the defendants thought that she acted inappropriately.  See Plaintiff's Local Rule 56 (a)(2) Statement dated June 23, 2005.

[5] In addition to attaching hereto the Memorandum regarding the no-cash policy, the defendants are attaching pp. 10-11 of Exhibit D to the Defendants' Memo which was inadvertently not attached.

9

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\FOX\REPLY BRIEF FOR MOT FOR SUM JUDG 7-27-05.DOC

## **CERTIFICATION**

I hereby certify that a copy of the above was mailed on July 27, 2005 to all counsel and pro se parties of record as follows:

John Williams, Esq.
Joseph M. Merly, Esq.
51 Elm Street
New Haven, CT 06510

_____
Hugh F. Keefe

10

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.    ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275    FACSIMILE (203) 782-0278

W:\EAST HAVEN\FOX\REPLY BRIEF FOR MOT FOR SUM JUDG 7-27-05.DOC