# MEMORANDUM

**TO:** PAUL RIZZA

**FROM:** LOUIS PANE

**DATE:** JULY 20, 1999

**RE:** NO CASH POLICY

Effective immediately, I have directed my Administrative Assistant and Ann Santello that our department will no longer accept cash for any of our recreation programs. I feel that check payments will always link our two departments with an audit trail that can be looked at in a time of question.

I also feel that it is imperative that all deposit forms that are used for the sole purpose of reconciliation between the two departments must be filled out and reviewed entirely before any employee signs off on it.

Any questions please call.

Thanks in advance for your cooperation.

cc: Mayor Joseph Maturo Jr
    Arthur DeSorbo

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

CAROL A. FOX

    Plaintiff

VS                                       CIVIL NO. 3:02 CV-01540(WWE)

TOWN OF EAST HAVEN, JOSEPH
MATURO, JR., LOUIS PANE, FRANK
GENTILESCO AND LOUIS CRISCUOLO

    Defendants

    Continuation of deposition of Miss Carol A. Fox, taken pursuant to F.R.C.P. Rule 30, at the offices of Lynch, Traub, Keefe & Errante, 52 Trumbull Street, New Haven, Connecticut, before Mr. Robert Geci, a Registered Professional Reporter and Notary Public in and for the State of Connecticut, on Tuesday, April 19, 2005 at 9:00 a.m.

                                       ROBERT GECI

                             Certified Court Reporter
                   131 Chestnut Tree Hill Road, Ext.
                           Oxford, Connecticut

APPEARANCES:

    REPRESENTING THE PLAINTIFF:    JOHN R. WILLIAMS, Esq.
        51 Elm Street
        New Haven, Ct.    06510

    REPRESENTING THE DEFENDANTS:    LYNCH, TRAUB, KEEFE & ERRANTI
        By Nancy Fitzpatrick, Esq.
        52 Trumbull Street
        New Haven, Ct.    06506

Q       Does that mean you were verbally told you should not have done it?

A       Verbally.

Q       Okay. Are you aware of any other Town employees sending letters to citizens explaining that same type of procedure that you explained in your letter to Mrs. Destefano?

A       I would have no knowledge of that.

Q       In October, I believe it is two thousand, correct me if I am wrong, you had an incident with Ted Musco at a scavenger hunt, is that correct?

A       Yes.

Q       As a result of that incident you were suspended for a period of days?

A       I was suspended for six weeks without pay.

Q       Was it originally for eight weeks and then reduced?

A       Six weeks, I believe, or was it eight weeks. I really don't recall. You can check the time.

Q       Do you remember it being reduced at one point?

A       Probably when they had the hearing. I think they reduced it to three weeks from six weeks or eight weeks at the time. I would have to look into that.

Q       Do you know of any other Town employees that have been disciplined for similar incidents? Besides yourself.

A       Not for similar incidents, and certainly not for the amount of time and loss of compensation that I was.

Q       So just--you're not aware of any other Town employees being involved in a similar incident to your scavenger hunt

incident, is that correct?

A    Yes.

Q    And you're not aware of any Town employees receiving the amount of discipline that you received as a result of the scavenger hunt incident, is that correct?

A    No, I am not aware of any other employees receiving the amount of time or loss of compensation that I was.

Q    I just want to go through with you, we have discussed most of the details of this, but I just wanted to make sure I am not missing anything. One of your claims is that you are being treated differently than the other employees in a number of ways, and we have discussed the twenty five voucher limit as being one of the ways you were treated differently, is that correct?

A    Yes.

Q    And a no cash policy being implemented for Recreational Department employees, that is another way you believe you were treated differently, is that correct?

A    Yes.

Q    In terms of we just discussed the scavenger hunt and the amount and punishment you received for that, that is another way you feel you were treated differently?

A    Yes.

Q    Is there any other way you believe you were treated materially different than those I have just discussed with you?

A    In being treated differently. Maybe it is me, I don't understand how you mean being treated differently.

C E R T I F I C A T I O N

UNITED STATES DISTRICT COURT       :

DISTRICT OF CONNECTICUT            :

    I, Robert Geci, a Notary Public duly commissioned and qualified in and for the State of Connecticut, do hereby certify that in File No. 3:02-CV-01540(WWE), now pending in the United States District Court, District of Connecticut, wherein Carol A. Fox is the plaintiff and Town of East Haven, Joseph Maturo, Jr., Louis Pane, Frank Gentilesco and Louis Criscuolo are the defendants, there were in attendance at the taking of the foregoing deposition on Tuesday, April 19, 2005, at 9:00 a.m. at the offices of Lynch, Traub, Keefe & Errante, 52 Trumbull Street, New Haven, Connecticut, counsel for the respective parties as appear hereinbefore and the deponent, Miss Carol Fox, who, upon being by me duly sworn, was questioned and testified as appears in the foregoing deposition; that said deposition was taken stenographically by me in the presence of counsel and thereafter reduced to typewriting.

    I also certify that I am neither of counsel nor attorney to any of the parties to said suit, nor am I an employee of any party to said suit or of counsel in said suit, nor am I interested in the outcome of said cause.

    In witness whereof I have hereunto set my hand and affixed my notarial seal this twentieth day of April, 2005, at Oxford, Connecticut.

*Robert Geci*
Robert Geci
Notary Public

(My commission expires November, 2005.)